

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

May 3, 1963

Mr. H. D. Dodgen
Executive Secretary
Game and Fish Commission
Austin, Texas

Opinion No. C-71

Re: Whether certain practices of
landowners charging a set fee
for each deer killed on his
premises violated Articles
884 and 923, Vernon's Penal
Code.

Dear Mr. Dodgen:

You have requested an opinion of this office on the question whether certain described practices are violations of Article 884, Vernon's Penal Code, Article 923h, Vernon's Penal Code, the Colorado County Statute, Chapter 7, Acts 57th Legislature First Called Session 1961, the Kendall County Statute, Chapter 356, Acts 57th Legislature, Regular Session 1961, and the Tarrant County Statute, Chapter 12, Acts 56th Legislature Regular Session 1959. The practices you set out in your letter are as follows:

"1. A landowner offers to permit hunters to kill deer on his premises and charges the hunter a set fee for each deer which is killed.

"2. The money is paid before the hunt, and if no deer is killed the money is refunded.

"3. The landowner has received from the Game and Fish Commission antlerless and/or doe deer hunting permits which he then advertises for sale at a set fee to hunters who kill a doe on his premises."

Article 884, Vernon's Penal Code, provides:

"It shall be unlawful for any person to sell or offer for sale, or to buy or offer to buy, or to have in possession for sale, or to have in possession after purchase has been made (either by himself or by another) any wild bird, wild fowl, wild game bird or wild game animal, dead or alive, or any part thereof, protected by this Chapter, except deer hides and except as hereinafter provided. This

-346-

Article and all other articles in this Chapter shall apply to any bird or animal coming from without this state; and in prosecution for violation of this Chapter, it shall be no defense that such bird or animal was not taken or killed within this state.

"It shall be further unlawful to bring into this state for any purpose whatever, during the closed season or time when it is unlawful to possess such bird or animal, dead or alive, any kind of bird or animal protected by this Chapter, except as hereinafter provided."

We do not believe the practices you have outlined violate this section of the Penal Code. As we understand the practices, the landowner, who holds the antlerless deer or doe permit, is not selling any deer. He is selling the right to hunt on his property. This he has the right to do under any conditions he sees fit so long as he violates no law. Anderson v. Gipson, 144 S.W.2d 948 (Tex.Civ.App. 1940).

Article 923h, Vernon's Penal Code, provides as follows:

"Whoever shall sell or offer for sale, or have in his possession after purchase, any wild deer, wild antelope or rocky mountain sheep killed in this state, or the carcass, hide or antlers of wild antelope or rocky mountain sheep, or the carcass or antlers of wild deer, shall be fined not less than ten dollars ($10.00), nor more than one hundred dollars ($100.00), but it shall be lawful to sell deer hides or to possess deer hides after sale."

For the reasons stated in answering the first part of your question we see no violation of Article 923h in the practices outlined above.

We will now discuss the Tarrant County, Colorado County and Kendall County statutes which have been selected by you, we understand, because they are representative of the statutes now in force in this state covering regulated counties on this subject.

The Tarrant County Statute, Section 6, Chapter 12, Acts of the 56th Legislature Regular Session, provides as follows:

Mr. H. D. Dodgen, Page 3 (C-71 )

>"The Game and Fish Commission's procla-
>mation, rule or regulation permitting the
>hunting or taking of antlerless deer shall
>not be valid until the owner or person in
>charge of the land upon which antlerless deer
>are to be taken shall have agreed in writing
>to the removal of such antlerless deer from
>his tract under supervision and regulation
>of said commission; and to the number of ant-
>lerless deer which may be removed therefrom.
>No person shall, in any event, hunt or kill
>any antlerless deer without first having
>procured an antlerless deer permit issued
>by the Game and Fish Commission. Such ant-
>lerless deer permits shall be issued in such
>form and under such rules as may be prescribed
>by the Game and Fish Commission."

Proclamation No. G-14 of the Game and Fish Commission covers
the rules prescribed by the Game and Fish Commission for antler-
less deer permits in Tarrant County. It provides in part as fol-
lows:

>"Regulations for issuing antlerless and/or
>doe deer hunting permits: the Game and Fish
>Commission shall issue antlerless and/or doe
>deer hunting permits for designated areas only
>to bona fide landowners or their authorized
>agents only after said landowner or agents
>have applied in writing for the exact number
>of permits to be used. Said landowners or
>agents shall then issue permits to individual
>hunters only after hunters have bagged an ant-
>lerless and/or doe deer on the area designated
>for the individual permit."

First it should be pointed out that the quoted section
from the proclamation is inconsistent with the statute because
the statute requires that no person can kill any antlerless
deer "without first having procured an antlerless deer permit
issued by the Game and Fish Commission," while the proclama-
tion requires the permits to be issued to individual hunters
"only after hunters have bagged an antlerless or doe deer."
In so far as the proclamation is inconsistent with the statute
in this regard, it is void. The antlerless and/or doe deer
permits must be issued to individual hunters, under the statutes,
before the hunt or kill of the animal. We understand that all
antlerless and/or doe deer permits are issued with the following

language printed upon them "not to be transferred or sold." The language of the third paragraph of the practices outlined indicates that the landowner advertises these permits "for sale at a set fee to hunters who kill a doe on his premises." We, therefore, believe that the landowner has violated the terms of the permit and the policy of the department signified by the words "not to be transferred or sold." The form of the permit and the rules under which it is issued are within the province of the Game and Fish Commission. It is, therefore, our opinion that the practices you outline would be a violation of the statute and policy of the Game and Fish Commission.

The Colorado County Statute, Section 6 of Chapter 7, 57th Legislature First Called Session, provides as follows:

"Section 6. The Game and Fish Commission's proclamation, rule or regulation permitting the hunting or taking of the antlerless and/or doe deer shall not be valid until the owner, or person in charge of the land upon which the antlerless and/or doe deer are to be taken, shall have agreed in writing to the removal by hunting of such antlerless and/or doe deer from his tract under supervision and regulation of said commission, and to the number of antlerless and/or doe deer which may be removed therefrom. No person shall, in any event, hunt or kill any antlerless and/or doe deer without procurring an antlerless and/or doe deer permit issued by the Game and Fish Commission. Upon the face of such permit shall be printed these words: 'Not to be transferred or sold.' It shall be unlawful to sell any such permit and any person convicted of selling such permit shall be punished as provided in Section 13 hereof."

The language in Proclamation No. H-9 of the Game and Fish Commission is the same as the quoted language from Proclamation No. G-14 above and we hold for the same reasons that so much of Proclamation No. H-9 as allows the antlerless and/or doe deer to be killed without procurring a permit is void for reasons already expressed; and we also hold that the practices you set out are unlawful as being in violation of the statutes and the policy of the Game and Fish Commission as explained above.

Section 6 of Chapter 356, Acts 1961, 57th Legislature Regular Session, referring to Kendall County, provides as follows:

"The Game and Fish Commission's rule,
regulation or order permitting the hunting
or taking of antlerless deer shall not be
valid until the owner, or person in charge,
of the land upon which antlerless deer are
to be taken, shall have agreed in writing
to the removal by hunting of such antlerless
deer from his tract under supervision and
regulation of said Commission and to the
number of such antlerless deer which may be
removed therefrom.  No person shall, in any
event, hunt or kill any antlerless deer with-
out first having procured an antlerless deer
permit issued by the Game and Fish Commission.
Such antlerless deer permit shall be issued
in such form and under such rules as may be
prescribed by the Game and Fish Commission.
Further, it shall be unlawful for any person
to sell any permit that he has received from
the Game and Fish Commission for the hunting
and taking of antlerless deer if payment for
such permit by the purchaser is contingent
upon the purchaser killing and taking such
antlerless deer, or if, when such sale is
made and payment received, retention of pur-
chase price by the seller is contingent upon
the purchaser killing and taking such antler-
less deer."

The language in Proclamation No. A-15 of the Game and Fish
Commission is the same as the quoted language from Proclamation
No. G-14 above and we hold for the same reasons that so much of
Proclamation No. A-15 as allows the antlerless and/or doe deer
to be killed without procurring a permit is void for reasons al-
ready expressed; and we also hold that the practices you set out
are unlawful as being in violation of the statutes and the poli-
cy of the Game and Fish Commission as set out above.

## S U M M A R Y

A landowner may allow the use of his land
for hunting purposes contingent upon a success-
ful hunt, such success being measured at a speci-
fic price for each deer, the price being paid in
advance and refunded if the hunter does not kill
a deer.  A landowner who advertises an antlerless
and/or doe deer permit for sale at a set fee to
hunters who kill an antlerless and/or doe deer on
his premises, receiving the fee in advance and

returning the fee if no deer is killed is
violating Section 6 of Acts 57th Leg. 1 C.S.,
Chapter 7; Section 6 of Acts 57th Leg., Chap-
ter 356; and Section 6 of Acts 56th Leg.,
Chapter 12.  So much of Game and Fish Pro-
clamations, 1962-1963 as amended, No. G-14,
No. H-9 and No. A-15 as would allow an antler-
less and/or doe deer to be bagged before an
antlerless and/or doe deer permit is issued
are void.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

BY Norman V. Suarez
   Norman V. Suarez
   Assistant Attorney General

NVS:nss

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Sam R. Wilson
John Reeves
J. Albert Pruett

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone